UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WARREN PRODUCERS, INC. | ) | |
| | ) | CASE NO. 05-13339 |
| Debtor | ) | |
| | ) | |
| | ) | |
| ECTOR INVESTORS, L.P. | ) | |
| | ) | AP NO. 06-1048 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BML, INC., et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Renewed Motion to Remand of Defendant Imperial Gas Resources, LLC ("IGR") and the Response to the Renewed Motion to Remand of Debtor/Defendant Warren Producers, Inc. ("Debtor"). The Court considered the written submissions of the parties and the arguments of counsel at the hearing held on the matter. For the following reasons, the Court **DENIES** the Renewed Motion to Remand. An Order accompanies this Memorandum-Opinion.

**PROCEDURAL BACKGROUND**

On or about February 28, 2003, Neal Energy, LLC ("Neal Energy"), Wevanco Energy, LLC ("Wevanco"), David L. Neal ("Neal"), Warren Exploration, LLC ("Warren Exploration") and Debtor entered into a Letter Agreement concerning certain oil and gas leases. Pursuant to the Letter Agreement, Neal Energy, Wevanco and Neal agreed to transfer operator control of certain oil wells to Warren Exploration and Debtor. IGR was the operator of the wells.

On or about October 10, 2003, Neal and Wevanco transferred certain revenue from oil and/or gas produced from certain real property to Ector Investors ("Ector") under the terms of the Letter Agreement via an Assignment. The Assignment was effective as of September 1, 2003. Ector is a limited partnership in which Warren Exploration is the general partner.

On or about April 12, 2004, Ector filed an action in the District Court of Ector County, Texas against BML, Inc. ("BML") (hereinafter referred to as the "state court action"). In that action, Ector claims that BML purchased production from the oil and gas wells without returning the production or the proceeds of that production to Ector.

On or about May 17, 2004, IGR, Neal Energy, Wevanco and David Neal filed a Plea of Intervention in response to the action initiated by Ector. In that Plea, IGR requested that Warren Exploration and Debtor be added as defendants. IGR also alleged that it was the operator of the wells in question and that Warren Producers and Debtor breached the Letter Agreement.

On or about May 21, 2004, Ector filed an Amended Petition in the state court action seeking to add Wevanco, Neal Energy, David Neal and IGR as defendants. BML then filed its Answer and Counterclaim for Interpleader. BML admitted it purchased oil from the wells at issue and offered to tender the disputed funds into the registry of the Court.

On or about August 12, 2005, IGR, Cappsrock Oil, LP ("Cappsrock") and NW Energy, LP ("NW Energy") filed an Involuntary Chapter 7 Petition against Debtor in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

On February 28, 2006, the Texas Bankruptcy Court entered an Order for Relief in this bankruptcy case.  On March 28, 2006, the Texas Bankruptcy Court entered an Order transferring Debtor's case to this Court.

On or about May 23, 2006, Debtor removed the state court action to the United States Bankruptcy Court for the Western District of Texas, Midland-Odessa Division, pursuant to 28 U.S.C. §1452 and requested the case be transferred to this Court.

On or about June 15, 2006, the Midland-Odessa Bankruptcy Court transferred venue of the state court action to this Court without prejudice to any party seeking remand.

On or about July 14, 2006, IGR filed its Renewed Motion to Remand Proceeding.  On August 3, 2006, Debtor filed its Response to IGR's Motion.

## LEGAL ANALYSIS

IGR requests this Court to remand the state court action to the Texas Court claiming that Debtor is not a defendant in this action.  Debtor, however, was named as a defendant in the Plea of Intervention.  The heart of the dispute involved in this action is the Letter Agreement.  Resolution of the issues raised in the original Petition, the Plea of Intervention and Amend Petition will necessarily affect estate property and the reorganization efforts of the Debtor.  It is appropriate for this Court to retain venue of the state court case.

Remand of a removed case is governed by 28 U.S.C. §1452.  The pertinent part of this statute states:

. . . . .

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. . . .

28 U.S.C. §1452(b).  The key phrase "any equitable ground" provides the bankruptcy court with broad authority and discretion in determining whether to remand a proceeding.  In re Grace Community, Inc., 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001).  "Equitable grounds" for remand have been interpreted to include inconvenient forum, deference to the expertise of the original forum and preference for having an entire dispute resolved in one court.  In re Hotel Mt. Lassen, Inc., 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997).  In addition to the equitable factors, other factors considered by courts in determining whether remand is appropriate are generally the same as those for discretionary abstention.  In re Best Reception Systems, Inc., 220 B.R. 932, 957 (Bankr. E.D. Tenn. 1998).  In general, a seven part test is used:

> (1) the effect of the efficient administration of the bankruptcy estate;
> (2) the extent to which issues of state law predominate;
> (3) the difficulty or unsettled nature of applicable state law;
> (4) comity;
> (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (6) the existence of a right to a jury trial;
> (7) prejudice to the involuntarily removed defendants.

In re Underwood, 299 B.R. 471, 478 (Bankr. S.D. Ohio 2003).  Analysis of these factors leads this Court to retain venue of the case.

The overriding factor is that the lawsuit directly involves property of the bankruptcy estate, over which federal courts have exclusive jurisdiction.  28 U.S.C. §1334(d).  This action will affect the administration of the estate.  It will therefore promote the efficient administration of the estate to have the claims tried before this Court.  Judicial economy and efficient administration of the

estate are best served when adversary proceedings are litigated in the same venue as the bankruptcy case. In re Windsor Communications Group, Inc., 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985); In re Vital Link Lodi, Inc., 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999). Judicial economy is best served by having this action proceed in this Court.

There are no difficult state law issues involved in this case that this Court is not capable of handling. This Court routinely handles contract disputes. Furthermore, the claims asserted are not remote to this bankruptcy, but rather will directly affect the administration of the estate, estate property and reorganization of the Debtor.

Finally, IGR, the party seeking remand was one of the petitioning creditors who filed the Involuntary Petition against Debtor. It was well aware at that time that the state court action was pending. It should have been no surprise that the pending state court action would be transferred to this Court, particularly since the issues involved affect the administration of the Debtor's estate and involve estate property.

## **CONCLUSION**

For all of the above reasons, the Renewed Motion to Remand of Defendant Imperial Gas Resources, LLC is **DENIED**. This Court will retain jurisdiction of this action. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WARREN PRODUCERS, INC. | ) | |
| | ) | CASE NO. 05-13339 |
| Debtor | ) | |
| | ) | |
| | ) | |
| ECTOR INVESTORS, L.P. | ) | |
| | ) | AP NO. 06-1048 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BML, Inc., et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

## **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Renewed Motion to Remand of the Defendant Imperial Gas Resources, LLC, be and hereby is **DENIED**.